# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| CAROLYN VINTILA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN HOPKINS, JR., | ) |
| | )  Case No. 1:15-CV-14 SNLJ |
| Defendant., | ) |
| | ) |
| and | ) |
| | ) |
| CONTINTENTAL CASUALTY CO., | ) |
| | ) |
| Garnishee. | ) |

## MEMORANDUM AND ORDER

Plaintiff Carolyn Vintila  brings this action against her former attorney, John Hopkins, Jr., and his legal malpractice insurance carrier, Continental Casualty Co. Plaintiff is seeking to recover a $1,035,000 judgment against Hopkins from Continental. Continental has filed a motion for summary judgment (#24).  The matter has been fully briefed and is now ripe for disposition.

## I.      Factual Background

On October 13, 1995, Carolyn Vintila and her husband, Ted Vintila, were involved in a motor vehicle accident in Missouri in which plaintiff Vintila was seriously injured and Mr. Vintila was killed.  Plaintiff retained David Phillips and Jay Charon ("Indiana Counsel") to pursue actions for personal injury and wrongful death in a

Missouri court. Indiana Counsel then contacted John Hopkins, Jr., of the Edmundson, Summer, Hopkins & Edmundson law firm ("Edmundson firm") in Missouri to be local counsel for the actions. The Edmundson firm entered into a contingency fee agreement for the matters. On August 20, 1996, the Edmundson firm filed the Personal Injury Lawsuit in state court. The attorneys wanted the personal injury lawsuit to be separate from Mrs. Vintila's wrongful death claim.

On February 5, 1999, Hopkins received a letter sent by Indiana Counsel to the Court in the personal injury lawsuit which said that if the parties did not settle the personal injury lawsuit, then the defendants in that case could expect the filing of the wrongful death claim. In fact, the Missouri statute of limitations for filing a wrongful death claim is three years and had thus expired on October 13, 1998. On March 30, 1999, Hopkins had a telephone conversation with Indiana Counsel and was advised that the statute of limitations for the wrongful death claim had run. Hopkins said on that phone call that he would check to see whether there was any possibility of arguing that the statute had been tolled, but he quickly came to the conclusion that the claim was time-barred. A day or two after that phone call, Hopkins spoke with Indiana Counsel again, confirmed that there was nothing to be done to save the wrongful death claim, and was told by Indiana Counsel that they would like for him to withdraw from the case. Hopkins did so on April 19, 1999.

Shortly thereafter, Hopkins advised his law firm partners that he had withdrawn from the Vintila personal injury matter because Indiana Counsel thought he "should have done something more." Neither Hopkins nor the Edmundson firm advised their legal

malpractice insurance carrier about the missed filing deadline for Vintila's wrongful death claim. When the Edumundson firm switched its malpractice carrier to Continental Casualty on March 23, 2003, it likewise did not advise Continental about the missed filing deadline, either.

On July 11, 2003, Continental Casualty received notice of a claim for legal malpractice by Vintila arising from the Edmundson firm's failure to file the wrongful death claim before the passing of the statute of limitations. The notice of claim, which was submitted by Edmundson attorney Jasper Edmundson, stated that the firm was "local counsel" for Vintila and did all the work requested by the primary attorneys, Indiana Counsel. He further stated that his initial conversation with Indiana Counsel included a discussion of the statute of limitations for wrongful death in Missouri. On July 24, 2003, Continental responded, including that "According to the information currently available to us, your firm had knowledge of this statute of limitations issue as early as March 30, 1999; however, the claim was not reported until July 11, 2003.

On October 10, 2003, Vintila filed a legal malpractice action against members of the Edmundson firm, alleging that they failed to take the necessary steps to protect her wrongful death claim and that her wrongful death claim was barred by the statute of limitations as a result. The malpractice lawsuit was tendered to Continental on October 29, 2003. Continental disclaimed coverage based on the "Prior Knowledge" language in their policy with the Firm:

> As discussed in my letter to you of September 17, 2003, whether you or
> Mr. Hopkins subjectively believed that a claim would be made against you
> in this matter is irrelevant, because the Policy establishes an objective
> standard that asks whether a reasonable attorney, in possession of the facts
> that any Insured knew as of the Policy's inception date, had a basis to

believe that the alleged act or omission might reasonably be expected to be the basis of a claim. Here, it is undisputed that at least Mr. Hopkins knew, as of March 30, 1999, that he was counsel of record in a case in which the statute of limitations had been missed…. While you and the lead counsel may argue over which of you was to blame for failing to file the wrongful death suit on time, [Continental] believes that any reasonable attorney knowing that he or she was counsel for a client whose claim was time-barred during the course of the representation, would have a clear basis to believe that the error might reasonably be expected to be the basis of a claim.

Judgment was entered against Hopkins in the malpractice lawsuit in the amount of $1,035,000. Vintila brought this lawsuit against Hopkins as defendant judgment debtor and Continental as garnishee in state court, and Continental removed only the garnishment proceedings to this Court. Vintila seeks to obtain satisfaction of the legal malpractice judgment from Continental under the Edmundson firm's policy with Continental. Continental has moved for summary judgment.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). Because "the interpretation and construction of insurance policies is a matter of law, ... such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991).

Because this is a diversity case, the Court applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc*., 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's claim is based on a Missouri contract and an accident that occurred in Missouri. The parties appear to agree that Missouri law controls.

The Court also notes that plaintiff did not respond specifically to Continental's Statement of Uncontroverted Facts pursuant to Local Rule 7–4.01(E). According to that Local Rule, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. Local R. 7-4.01(E). Plaintiff supplied her own statement of material facts as to which she says a genuine dispute exists, and Continental responded.

With those principles in mind, the Court turns to the discussion.

## III.    Discussion

Plaintiff Carolyn Vintila seeks to garnish defendant John Hopkins, Jr.'s insurance policy to satisfy an underlying judgment pursuant to Missouri Supreme Court Rule 90 and Missouri Revised Statutes Chapter 525. As a judgment creditor and garnishor, plaintiff Carolyn Vintila "stands in the shoes of the insured, and [her] rights are no greater and no less than the insured's would have been in an action between the insured and the insurer" on the policy. *Meyers v. Smith*, 375 S.W.2d 9, 15 (Mo. 1964); *see also Johnston v. Sweany*, 68 S.W.3d 398, 400-01 (Mo. banc 2002). To prevail on her claim, plaintiff must show that her legal malpractice claim is within the coverage provided by

the Continental policy.  *Grissom v. First Nat. Ins. Agency*, 371 S.W.3d 869, 873 (Mo. App. 2012).

"The words of an insurance contract are given their ordinary meaning, unless the parties plainly intend for a technical meaning to apply." *City of Brentwood, Mo. v. Northland Ins. Co.*, 397 F. Supp. 2d 1143, 1145-46 (E.D. Mo. 2005) (citing *State Farm Fire & Cas. Co. v. Metcalf, by Wade,* 861 S.W.2d 751, 755 (Mo. App. 1993)).  "Absent an ambiguity, an insurance policy must be enforced according to its terms." *Id.* (quoting *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 830 (Mo. App. 1998) (internal citations omitted)).

Continental argues that plaintiff cannot show that her malpractice claim was covered by the insurance contract because Continental's policy required Hopkins and the Edmundson firm to provide it with notice of acts or occurrences that could become future claims.  The policy itself asked, and the Edmundson firm replied "no" to, whether any attorney in the firm was aware of an "act or omission that may reasonably be expected to be the basis of a claim against them, the firm, any predecessor firm, or against any current or former attorney of the firm, while affiliated with the firm?"  The policy advised that coverage would be provided for claims made during the policy period by reason of an act or omission so long as "no Insured had a basis to believe that any such act or omission, or related act or omission, might reasonably be expected to be the basis of a claim."

Here, Continental contends that Hopkins and the Edmundson firm did indeed have a "basis to believe" that the missed deadline for filing Vintila's wrongful death claim "might reasonably be expected to be the basis of a claim."  The question of whether or

not an insured has provided proper notice under a claims-made policy such as the policy here may be appropriately considered on summary judgment. *See City of Brentwood*, 397 F. Supp. 2d at 1145. In *City of Brentwood*, for example, the insured had received two letters informing it that an employee had filed charges of discrimination with governmental agencies and that those agencies were investigating. *Id.* at 1147. Those letters were received before the effective date of the insured's two insurance policies, both of which precluded coverage for "claims" that the insured knew about or could have foreseen at the time it entered into the insurance contracts. *Id.* at 1146. The insured complained that the lawsuit had not actually been filed, so coverage should still be available. The Court disagreed and held that the insured's "subjective belief concerning the likelihood of [employee] filing a lawsuit is irrelevant" because the policy language requires the court "to first look at the insured's subjective knowledge 'and then the *objective* understanding of a reasonable attorney with that knowledge.'" *Id.* at 1148 (quoting *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 306 (3d Cir. 2001) (emphasis added)).

Here, Hopkins knew that his client's wrongful death claim had been forfeited due to the passing of the statute of limitations. He also knew that lead counsel blamed him for the missed deadline and that they had asked him to withdraw as a result. Continental insists that, armed with that knowledge, a reasonable attorney would have expected that the missed opportunity to file the wrongful death claim might form the basis of a claim against the firm.

Plaintiff points to additional facts surrounding Hopkins's subjective state of mind and argues that a question of fact exists regarding whether Hopkins had a duty to inform

7

his insurance company of her potential claim. First, Hopkins was serving as local counsel and had no authority to file pleadings without approval of lead counsel in Indiana. Second, Hopkins himself knew the statute of limitations was three years and believed he never gave improper advice regarding the statute. Third, Hopkins thus had no basis to believe before the inception of the Continental policy that he had committed an act or omission that would give rise to a claim.

Those additional facts, however, do not save Hopkins's insurance claim. Of the three attorneys representing plaintiff Vintila in her wrongful death claim, only Hopkins was licensed in Missouri and only he had the ability to protect the statute. Hopkins knew that (1) his client's wrongful death claim was "fatally" foreclosed by the expiration of Missouri's three-year statute of limitations, and (2) Indiana counsel believed Hopkins --- as local counsel in Missouri --- "should have done something more" and that he was terminated due to the missed deadline. Those two facts, on their own, would cause an objective attorney to foresee that a legal malpractice claim might be brought against him.

Hopkins's subjective belief that he was blameless, i.e., that he had good defenses to a potential claim against him, does not affect that analysis. *See, e.g.*, *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 308 (3d Cir. 2001) (holding that where client's case had been dismissed for lack of activity and client had expressed dissatisfaction with representation, that was basis for belief that there may be a malpractice claim against attorney, despite attorney's belief that the statute of limitations had run against any such claim). Furthermore, any defenses Hopkins may have believed he had were undermined by the fact that the evidence was strong enough to result in a million-dollar legal malpractice verdict against him. It is also notable that Hopkins saw fit to notify his law

8

partners.  Under the terms of the Continental policy, the firm and Hopkins should have notified Continental as well.

## IV.     Conclusion

Vintila's legal malpractice claim is not within the coverage afforded by Continental's insurance policy with Hopkins and his law firm.  Continental's motion will be granted. Judgment will be granted to garnishee Continental and against plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that garnishee Continental Casualty's motion for summary judgment (#24) is **GRANTED**.

Dated this __27th__ day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE